# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Duncan, | ) |
|     Plaintiff, | ) C/A #: 8:22-cv-03134-DCC-KFM |
| v. | ) |
| City of Greenwood Police Department a/k/a Greenwood Police Department, City of Greenwood, Gerald Brooks, Individually and in his capacity as Chief of the Greenwood Police Department and Corey Boyter, Individually and in his capacity as agent/employee of Greenwood Police Department, | ) **ANSWER OF DEFENDANT GERALD BROOKS** **(Jury Trial Demanded)** |
|     Defendants. | ) |

The Defendant, Gerald Brooks, answers the Complaint of the Plaintiff as follows:

## FOR A FIRST DEFENSE

1. The Summons and Complaint fail to state a claim upon which relief can be granted. This Defendant reserves the right to file a motion pursuant to Rule 12(b)(6), FRCP.

## FOR A SECOND DEFENSE

2. This Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

3. This Defendant lacks sufficient information upon which to form a belief as to the truth and veracity of the allegations in Paragraph 1 of the Complaint, and therefore, deny those allegations.

1

4.       As to Paragraph 2, this Defendant denies that there is a separate suable governmental entity known as the Greenwood Police Department and aver instead that it is a part of the City of Greenwood.  This Defendant admits that the City of Greenwood is a municipality within the State of South Carolina.  As to the legal conclusions alleged, this Defendant craves reference to the laws of the State of South Carolina as the best evidence of the law.  This Defendant admits that he was acting within the course and scope of his employment at all times referenced in the complaint.

5.       As to Paragraph 3, this Defendant admits only that he was the police chief for the City of Greenwood and had appropriate duties of a police chief.  Any other allegations are denied.

6.       Paragraphs 4 and 5 assert allegations against another Defendant such that no response is required of this Defendant.  Otherwise, this Defendant denies any factual allegations that do require a response from him.

7.       Paragraph 6 is admitted.

8.       As to Paragraphs 7, 8 and 9, assert allegations against other Defendants and require no response from this Defendant.  As to the legal conclusions, this Defendant craves reference to the laws of the State of South Carolina as the best evidence of its obligations and liabilities.  This Defendant admits that he was employed by the City of Greenwood.  Any remaining allegations related to liability are denied.

9.       Paragraph 10 asserts legal conclusions and this Defendant craves reference to the laws of the State of South Carolina as the best evidence of the obligations and liabilities.

10.      Paragraph 11 is admitted except as to venue since the case has been removed to the United States District Court for the District of South Carolina.

11. Paragraph 12 is moot since the case has been removed to the United States District Court for the District of South Carolina.

12. As to Paragraph 13, this Defendant admits that the Plaintiff has attempted to sue him under both state and federal law but denies that he is subject to suit for the claims alleged.

13. Paragraph 14 is denied as the legal conclusions stated are erroneous.

14. As to Paragraph 15, this Defendant admits only that no weapon was found on Plaintiff after he was arrested.

15. Paragraphs 16 and 17 are denied.

16. As to Paragraph 18, this Defendant admits only, upon present information and belief, that Plaintiff was on a moped at the time of this incident.

17. As to Paragraph 19, this Defendant admits only, upon present information and belief, that Officer Boyter approached Plaintiff.

18. As to Paragraph 20, this Defendant admits only, upon present information and belief, that Officer Boyter had a conversation with Plaintiff.

19. Paragraphs 21, 22 and 23 are denied.

20. As to Paragraph 24, this Defendant admits only, upon present information and belief, that Officer Boyter used force to effectuate the arrest of Plaintiff.

21. As to Paragraph 25 and 26, this Defendant admits only that an incident occurred but deny it occurred in the way alleged by Plaintiff.

22. As to Paragraph 27, this Defendant admits only that Plaintiff was arrested and charged with several offenses.

23. As to Paragraph 28, this Defendant admits only that Plaintiff was transported to the hospital where he was treated and released.

24. Paragraphs 29, 30 and 31 are denied.

25. Paragraph 32 is admitted only insofar as it relates to this Defendant.

26. Paragraphs 33, 34, 35 and 36 are denied.

27. As to Paragraph 37, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

28. Paragraph 38 asserts legal conclusions which require no response. This Defendant craves reference to the laws of the State of South Carolina and the United States of America as the best evidence of their content. If the Plaintiff intended to assert factual allegations here, they are denied.

29. Paragraphs 39, 40 and 41 are denied.

30. As to Paragraph 42, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

31. Paragraphs 43, 44, 45 and 46 are denied.

32. As to Paragraph 47, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

33. Paragraphs 48, 49, 50 and 51 asserts claims against another Defendant and not against this Defendant. Therefore, those allegations require no response. To the extent Plaintiff intended to assert factual allegations against this Defendant, they are denied. This Defendant further denies that he was improperly trained, retained or supervised. This Defendant craves reference to the laws of the State of South Carolina and the United States of America as the best evidence of their content.

34. As to Paragraph 52, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

35. Paragraph 53 is denied.

36. As to Paragraph 54, this Defendant admits only that Plaintiff was arrested with lawful authority by the City of Florence.

37. Paragraphs 55, 56, 57, 58 and 59 are denied.

38. As to Paragraph 60, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

39. Paragraphs 61, 62, 63, 64, 65 and 66 are denied.

40. As to Paragraph 67, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

41. Paragraphs 68 and 69 are denied.

42. As to Paragraph 70, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

43. Paragraphs 71, 72, 73 and 74 are denied.

44. As to Paragraph 75, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

45. As to Paragraph 76, this Defendant assumes the reference to the City of Charleston PD is a typo or error and do not respond to that allegation. Assuming the allegation was intended to refer to the City of Greenwood, this Defendant admits only that he was acting under color of law. Any legal conclusions alleged require no response and this Defendant craves reference to the laws of the State of South Carolina and the United States of America as the best evidence of any legal obligations or duties. Any remaining factual allegations are denied.

46. Paragraphs 77, 78 and 79 are denied.

47. As to Paragraph 80, this Defendant craves reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

48. As to Paragraph 81, makes no allegations against this Defendant, and therefore, requires no response. Any legal conclusions alleged require no response and this Defendant craves reference to the laws of the State of South Carolina and the United States of America as the best evidence of any legal obligations or duties. This Defendant denies that the Plaintiff had any Eighth Amendment right to be free from cruel and unusual punishment under the circumstances present here as that has no application to this situation. Any remaining factual allegations are denied.

49. Paragraphs 82, 83, 84 and 85 are denied.

## FOR A THIRD DEFENSE

50. Plaintiff's claims are barred in whole or in part but the public duty rule.

## FOR A FOURTH DEFENSE

51. This Defendant is entitled to sovereign immunity as a bar to Plaintiff's claims.

## FOR A FIFTH DEFENSE

52. This Defendant is entitled to immunity pursuant to the South Carolina Tort Claims Act as a bar to Plaintiff's claims.

## FOR A SIXTH DEFENSE

53. This Defendant, upon information and belief, alleges that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiff which is more than the Defendant's negligence, and that such is a complete bar to the Plaintiff's recovery herein. Further, this Defendant, upon information and belief, alleges that if the Plaintiff's negligence was less than the Defendant's negligence, that

such negligence should be compared to that negligence of this Defendant, so as to apportion the relative fault as to each party.

**FOR A SEVENTH DEFENSE**

54. This Defendant alleges upon information and belief that at all times he was acting in good faith and within the course and scope of his employment and official duties, and therefore, this Defendant is immune from suit.

**FOR AN EIGHTH DEFENSE**

55. This Defendant at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, this Defendant is entitled to immunity.

**FOR A NINTH DEFENSE**

56. The actions of this Defendant were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

**FOR A TENTH DEFENSE**

57. This Defendant alleges, upon information and belief, that any injuries or damages sustained by the Plaintiff were the result of the Plaintiff assuming the risk of injury to himself as a result of his conduct which was known or should have been known to him at the time to constitute an assumption of a known risk on the part of the Plaintiff, and therefore, constitutes a complete bar to this action.

**FOR AN ELEVENTH DEFENSE**

58. This Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in one or more of the following particulars:

  (a) That the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

  (b) That, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness.

  (c) That the amount of punitive damages awarded is based upon the wealth of the Defendants in violation of their right to equal protection of the laws.

## **FOR A TWELVTH DEFENSE**

59. This Defendant alleges that an award of punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3, of the South Carolina Constitution in that:

  (a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

  (b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

  (c) Any award of punitive damages based upon the wealth of the Defendant violates due process guarantees;

  (d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

  (e) Even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness; and

  (f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

In addition, the Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8, of the South Carolina Constitution for the reason that

punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

## FOR A THIRTEENTH DEFENSE

60. There is no suable entity known as the City of Greenwood Police Department. Instead, the City of Greenwood Police Department and the City of Greenwood are both a part of the City of Greenwood. Therefore, the City of Greenwood Police should be dismissed from this action.

## FOR A FOURTEENTH DEFENSE

61. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-40.

## FOR A FIFTEENTH DEFENSE

62. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-50.

## FOR A SIXTEENTH DEFENSE

63. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-60 (1), (2), (3), (4), (5), (6), (9), (23) and (25).

## FOR A SEVENTEENTH DEFENSE

64. This Defendant is entitled to the protections of the limitations on recovery contained in the South Carolina Tort Claims Act, including, but not limited, to South Carolina Code Ann. § 15-78-120.

**FOR AN EIGHTEENTH DEFENSE**

65. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-100.

**FOR A NINETEENTH DEFENSE**

66. This Defendant pleads self-defense as a bar in whole or in part to Plaintiff's claims.

**FOR A TWENTIETH DEFENSE**

67. This Defendant pleads justification by as a bar in whole or in part to Plaintiff's claims.

**FOR A TWENTY-FIRST DEFENSE**

68. This Defendant alleges that all actions were a reasonable use of police power, and therefore, Plaintiff's claims are barred as a matter of law.

**FOR A TWENTY-SECOND DEFENSE**

69. This Defendant is immune from suit for punitive damages pursuant to federal common law, South Carolina common law and the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-120.

**FOR A TWENTY-THIRD DEFENSE**

70. The South Carolina Tort Claims Act provides immunity to employees with exceptions that do not apply here. This Defendant is immune from suit under the SCTCA.

**FOR A TWENTY-FOURTH DEFENSE**

71. This Defendant alleges that his actions with respect to the Plaintiff were, at all times, a proper exercise of their authority and/or duty, were authorized by law, were taken or

made in good faith with probable cause, without malice, in the exercise of the due care and were reasonable and justified under the circumstances.

### FOR A TWENTY-FIFTH DEFENSE

72.	Plaintiff fails to state a claim for which relief may be granted on his cause of action for gross negligence as this Defendant at all times acted reasonably and in good faith in the exercise of their legal rights and at no time did they intentionally, consciously fail to do something that was incumbent upon them to do, nor did they intentionally do a thing they ought not do.  Furthermore, as this Defendant at no time breached any duty to the Plaintiff, Plaintiff cannot establish that this Defendant failed to exercise even slight care.  As such, Plaintiff's cause of action for gross negligence should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A TWENTY-SIXTH DEFENSE

73.	Plaintiff fails to state a claim for which relief may be granted as to his causes of action for negligent hiring, training, supervision and/or retention against this Defendant as Plaintiff cannot show that this Defendant knew or should have known that the employment of any particular employee created an undue risk of harm to the public.  Additionally, Plaintiff cannot show that this Defendant knew or had reason to know of the ability to control any particular employee or that this Defendant knew or should have known of the necessity and opportunity for exercising control over the conduct of any particular employee.  As such, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A TWENTY-SEVENTH DEFENSE**

74. This Defendant invokes the limitations on punitive damages as set forth in Section 15-32-530 of the South Carolina Code and denies that they committed any actions or omissions that give rise to a punitive damage award.

**FOR A TWENTY-EIGHTH DEFENSE**

75. This Defendant is entitled to sovereign immunity pursuant to Section 15-78-70 of the South Carolina Code.

**FOR A TWENTY-NINTH DEFENSE**

76. The Florence officers acted in self-defense and that acts as a bar to Plaintiff's claims.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendant, Gerald Brooks, prays that the Complaint be dismissed with prejudice, for the costs of this action and for such other and further relief as the Court deems just and proper.

                MORRISON LAW FIRM, LLC

                By: _s/ David L. Morrison_
                    David L. Morrison (Fed. #3581)
                    7453 Irmo Drive, Suite B
                    Columbia, South Carolina 29212
                    Phone: (803) 661-6285
                    Fax:     (803) 661-6289
                    E-mail: david@dmorrison-law.com

                ***Attorney for Defendants***

Columbia, South Carolina

September 22, 2022