# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Duncan, | ) |
|     Plaintiff, | ) C/A #: 8:22-cv-03134-DCC-KFM |
| v. | ) |
| City of Greenwood Police Department a/k/a Greenwood Police Department, City of Greenwood, Gerald Brooks, Individually and in his capacity as Chief of the Greenwood Police Department and Corey Boyter, Individually and in his capacity as agent/employee of Greenwood Police Department, | ) **ANSWER OF DEFENDANTS CITY OF GREENWOOD and GREENWOOD POLICE DEPARTMENT** (Jury Trial Demanded) |
|     Defendants. | ) |

The Defendants, City of Greenwood and Greenwood Police Department, answer the Complaint of the Plaintiff as follows:

## FOR A FIRST DEFENSE

1. The Summons and Complaint fail to state a claim upon which relief can be granted. These Defendants reserve the right to file a motion pursuant to Rule 12(b)(6), FRCP.

## FOR A SECOND DEFENSE

2. These Defendants deny each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

3. These Defendants lack sufficient information upon which to form a belief as to the truth and veracity of the allegations in Paragraph 1 of the Complaint, and therefore, deny those allegations.

4. As to Paragraph 2, these Defendants deny that there is a separate suable governmental entity known as the Greenwood Police Department and aver instead that the police department is a part of the City of Greenwood. The City of Greenwood Police Department intends to, and reserves the right to, file a motion addressing that issue. These Defendants admit that the City of Greenwood is a municipality within the State of South Carolina. As to the legal conclusions alleged, these Defendants crave reference to the laws of the State of South Carolina as the best evidence of the law. These Defendants further respond that the Plaintiff has alleged facts that, if true, might render the actions of the individual Defendants outside of the course and scope of their employment. These Defendants believe that these employees were acting within the course and scope but cannot admit that because of the allegations made by Plaintiff. Therefore, these Defendants deny that those employees were acting within the course and scope of their employment with regard to the Plaintiff's allegations.

5. As to Paragraph 3, these Defendants admit only that Gerald Brooks was the Police Chief for the City of Greenwood and had appropriate duties of a Police Chief. Any other allegations are denied.

6. As to Paragraph 4, these Defendants again respond that the Plaintiff has alleged facts that, if true, might render the actions of the individual Defendants outside of the course and scope of their employment. These Defendants believe that these employees were acting within the course and scope but cannot admit that because of the allegations made by Plaintiff. Therefore, these Defendants deny that those employees were acting within the course and scope of their employment with regard to the Plaintiff's allegations. The legal conclusions asserted are denied as stated.

7. As to Paragraph 5, these Defendants crave reference to the laws of the State of South Carolina for their legal obligations and liabilities.

8. As to Paragraph 6, these Defendants again respond that the Plaintiff has alleged facts that, if true, might render the actions of the individual Defendants outside of the course and scope of their employment. These Defendants believe that these employees were acting within the course and scope but cannot admit that because of the allegations made by Plaintiff. Therefore, these Defendants deny that those employees were acting within the course and scope of their employment with regard to the Plaintiff's allegations. The legal conclusions asserted are denied as stated.

9. As to Paragraphs 7, 8 and 9, these Defendants admit only that the City of Greenwood was the employer of the individual Defendants. The remaining allegations assert legal conclusions and these Defendants crave reference to the laws of the State of South Carolina as the best evidence of its obligations and liabilities.

10. Paragraph 10 asserts legal conclusions and these Defendants crave reference to the laws of the State of South Carolina as the best evidence of its obligations and liabilities.

11. Paragraph 11 is admitted except as to venue since the case has been removed to the United States District Court for the District of South Carolina.

12. Paragraph 12 is moot since the case has been removed to the United States District Court for the District of South Carolina.

13. As to Paragraph 13, these Defendants admit that the Plaintiff has attempted to sue them under both state and federal law but deny that they are subject to suit for all of the claims alleged.

14. Paragraph 14 is denied as the legal conclusions stated are erroneous.

15. As to Paragraph 15, these Defendants admit only that no weapon was found on Plaintiff after he was arrested.

16. Paragraphs 16 and 17 are denied.

17. As to Paragraph 18, these Defendants admit only that Plaintiff was on a moped at the time of this incident.

18. As to Paragraph 19, these Defendants admit only that Officer Boyter approached Plaintiff.

19. As to Paragraph 20, these Defendants admit only that Officer Boyter had a conversation with Plaintiff about outstanding bench warrants.

20. Paragraphs 21, 22 and 23 are denied.

21. As to Paragraph 24, these Defendants admit only that Officer Boyter used force to complete the arrest of Plaintiff.

22. As to Paragraph 25 and 26, these Defendants admit only that an incident occurred but deny it occurred in the way alleged by Plaintiff.

23. As to Paragraph 27, these Defendants admit only that Plaintiff was arrested and charged with several offenses.

24. As to Paragraph 28, these Defendants admit only that Plaintiff was transported to the hospital where he was treated and released.

25. Paragraphs 29, 30 and 31 are denied.

26. As to Paragraph 32, these Defendants again admit only that the officers acted under color of law. The remaining allegations are denied for the reasons stated in Paragraphs 6 and 8 above.

27. Paragraphs 33, 34, 35 and 36 are denied.

28. As to Paragraph 37, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

29. Paragraph 38 asserts legal conclusions which require no response. These Defendants crave reference to the laws of the State of South Carolina and the United States of

America as the best evidence of their content. If the Plaintiff intended to assert factual allegations here, they are denied.

30. Paragraphs 39, 40 and 41 are denied.

31. As to Paragraph 42, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

32. Paragraphs 43, 44, 45 and 46 are denied.

33. As to Paragraph 47, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

34. Paragraph 48 asserts legal conclusions which require no response. These Defendants crave reference to the laws of the State of South Carolina and the United States of America as the best evidence of their content. If the Plaintiff intended to assert factual allegations here, they are denied.

35. Paragraphs 49, 50 and 51 are denied.

36. As to Paragraph 52, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

37. Paragraph 53 is denied.

38. As to Paragraph 54, these Defendants admit only that Plaintiff was arrested with lawful authority by Greenwood City Police.

39. Paragraphs 55, 56, 57, 58 and 59 are denied.

40. As to Paragraph 60, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

41. Paragraphs 61, 62, 63, 64, 65 and 66 are denied.

42. As to Paragraph 67, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

43.     Paragraphs 68 and 69 are denied.

44.     As to Paragraph 70, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

45.     Paragraphs 71, 72, 73 and 74 are denied.

46.     As to Paragraph 75, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

47.     As to Paragraph 76, these Defendants assume the reference to the City of Charleston PD is a typo or error and do not respond to that allegation. Assuming the allegation was intended to refer to the City of Greenwood, these Defendants admit only that the individual Defendants were acting under color of law. Any legal conclusions alleged require no response and these Defendants crave reference to the laws of the State of South Carolina and the United States of America as the best evidence of any legal obligations or duties. Any remaining factual allegations are denied.

48.     Paragraphs 77, 78 and 79 are denied.

49.     As to Paragraph 80, these Defendants crave reference to each and every response and affirmative defense set forth in this answer as if fully re-stated here.

50.     As to Paragraph 81, these Defendants admit that its officers were acting under color of law. Any legal conclusions alleged require no response and these Defendants crave reference to the laws of the State of South Carolina and the United States of America as the best evidence of any legal obligations or duties. These Defendants deny that the Plaintiff had any Eighth Amendment right to be free from cruel and unusual punishment under the circumstances present here as that has no application to this situation. Any remaining factual allegations are denied.

51.     Paragraphs 82, 83, 84 and 85 are denied.

**FIRST A THIRD DEFENSE**

52. Plaintiff's claims are barred in whole or in part but the public duty rule.

**FOR A FOURTH DEFENSE**

53. These Defendants are entitled to sovereign immunity as a bar to Plaintiff's claims.

**FOR A FIFTH DEFENSE**

54. These Defendants are entitled to immunity pursuant to the South Carolina Tort Claims Act as a bar to Plaintiff's claims.

**FOR A SIXTH DEFENSE**

55. These Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiff which is more than the Defendants' negligence, and that such is a complete bar to the Plaintiff's recovery herein. Further, these Defendants, upon information and belief, allege that if the Plaintiff's negligence was less than the Defendants' negligence, that such negligence should be compared to that negligence of these Defendants, so as to apportion the relative fault as to each party.

**FOR A SEVENTH DEFENSE**

56. These Defendants allege upon information and belief that at all times its employees were acting in good faith and within the course and scope of their employment and official duties, and therefore, these Defendants are immune from suit.

**FOR AN EIGHTH DEFENSE**

57. These Defendants' employees at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, these Defendants are entitled to immunity.

## FOR A NINTH DEFENSE

58. The actions of these Defendants' employees were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR A TENTH DEFENSE

59. These Defendants allege, upon information and belief, that any injuries or damages sustained by the Plaintiff were the result of the Plaintiff assuming the risk of injury to himself as a result of his conduct which was known or should have been known to him at the time to constitute an assumption of a known risk on the part of the Plaintiff, and therefore, constitutes a complete bar to this action.

## FOR AN ELEVENTH DEFENSE

60. These Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in one or more of the following particulars:

   (a) That the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

   (b) That, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness.

   (c) That the amount of punitive damages awarded is based upon the wealth of the Defendants in violation of their right to equal protection of the laws.

## FOR A TWELVTH DEFENSE

61. These Defendants allege that an award of punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3, of the South Carolina Constitution in that:

   (a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

8

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) Any award of punitive damages based upon the wealth of the Defendant violates due process guarantees;

(d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness; and

(f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

In addition, the Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8, of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

## FOR A THIRTEENTH DEFENSE

62. There is no suable entity known as the Greenwood Police Department. Instead, the Greenwood Police Department is merely a department within the City of Greenwood much like the accounting department or the public works department. It is merely a department through which the City of Greenwood exercises its law enforcement functions. Therefore, the Greenwood Police Department should be dismissed from this action.

## FOR A FOURTEENTH DEFENSE

63. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-40

**FOR A FIFTEENTH DEFENSE**

64. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-50.

**FOR A SIXTEENTH DEFENSE**

65. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-60 (1), (2), (3), (4), (5), (6), (9), (17), (20), (23) and (25).

**FOR A SEVENTEENTH DEFENSE**

66. These Defendants are entitled to the protections of the limitations on recovery contained in the South Carolina Tort Claims Act, including, but not limited, to South Carolina Code Ann. § 15-78-120.

**FOR AN EIGHTEENTH DEFENSE**

67. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-100.

**FOR A NINTEENTH DEFENSE**

68. These Defendants plead self-defense by its employees as a bar in whole or in part to Plaintiff's claims.

**FOR A TWENTIETH DEFENSE**

69. These Defendants plead justification by its employees as a bar in whole or in part to Plaintiff's claims.

**FOR A TWENTY-FIRST DEFENSE**

70. These Defendants allege that all actions were a reasonable use of police power, and therefore, Plaintiff's claims are barred as a matter of law.

**FOR A TWENTY-SECOND DEFENSE**

71.     These Defendants are immune from suit for punitive damages pursuant to federal common law, South Carolina common law and the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-120.

**FIRST A TWENTY-THIRD DEFENSE**

72.     The South Carolina Tort Claims Act waives immunity only for negligence actions against a municipality and these Defendants are therefore immune from Plaintiff's claims to the extent that the Plaintiff alleges that the conduct of the officers was unlawful, willful, intentional, deliberate or done with malice or an intent to harm the Plaintiff.

**FIRST A TWENTY-FOURTH DEFENSE**

73.     To the extent that Plaintiff's state tort claims are based upon a failure to properly hire, train, supervise, investigate and/or discipline Defendants' employees, they fail to state claims upon which relief can be granted since (a) a municipal employer is liable for the negligent conduct of a municipal employee acting within the scope of his or her employment and a cause of action for negligent hiring, training, supervision or retention is redundant to that primary liability; (b) these Defendants do not have a duty sufficient to create a private cause of action in favor of the Plaintiff in those particulars; and (c) the claim is barred by the provisions of the South Carolina Tort Claims Act and the doctrine of sovereign immunity.

**FIRST A TWENTY-FIFTH DEFENSE**

74.     These Defendants allege that the actions of their employees with respect to the Plaintiff were, at all times, a proper exercise of their authority and/or duty, were authorized by law, were taken or made in good faith with probable cause, without malice, in the exercise of the due care and were reasonable and justified under the circumstances.

**FIRST A TWENTY-SIXTH DEFENSE**

75. Plaintiff fails to state a claim for which relief may be granted on her cause of action for gross negligence as these Defendants at all times acted reasonably and in good faith in the exercise of their legal rights and at no time did they intentionally, consciously fail to do something that was incumbent upon them to do, nor did they intentionally do a thing they ought not do. Furthermore, as these Defendants at no time breached any duty to Plaintiff, Plaintiff cannot establish that these Defendants failed to exercise even slight care. As such, Plaintiff's cause of action for gross negligence should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FIRST A TWENTY-SEVENTH DEFENSE**

76. Plaintiff fails to state a claim for which relief may be granted as to her causes of action for negligent hiring, training, supervision and/or retention against these Defendants as Plaintiff cannot show that these Defendants knew or should have known that the employment of any particular employee created an undue risk of harm to the public. Additionally, Plaintiff cannot show that these Defendants knew or had reason to know of the ability to control any particular employee or that these Defendants knew or should have known of the necessity and opportunity for exercising control over the conduct of any particular employee. As such, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FIRST A TWENTY-EIGHTH DEFENSE**

77. These Defendants invoke the limitations on punitive damages as set forth in Section 15-32-530 of the South Carolina Code and deny that they committed any actions or omissions that give rise to a punitive damage award.

## FOR A TWENTY-NINTH DEFENSE

78. These Defendants are immune from suit for punitive damages under federal and state common law and the South Carolina Tort Claims Act.

## FOR A THIRTIETH DEFENSE

79. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including but not limited to Section 15-78-30 and 50 from any claim for negligent infliction of emotional distress/outrage.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendants, City of Greenwood and Greenwood Police Department, pray that the Complaint be dismissed with prejudice, for the costs of this action and for such other and further relief as the Court deems just and proper.

MORRISON LAW FIRM, LLC

By: *s/ David L. Morrison*
    David L. Morrison (Fed. #3581)
    7453 Irmo Drive, Suite B
    Columbia, South Carolina 29212
    Phone: (803) 661-6285
    Fax: (803) 661-6289
    E-mail: david@dmorrison-law.com

***Attorney for Defendants***

Columbia, South Carolina

September 22, 2022